IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALL ACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff RICHARD HENDERSON-THOMAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HENDERSON-THOMAS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>AB LIQUOR MARKET, INC.,<br><br>　　　　　Defendant | **Case No.** 25-cv-2209<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PERSONS WITH PHYSICAL DISABILITIES, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1

1 | RICHARD HENDERSON-THOMAS ("Plaintiff") complains of AB LIQUOR MARKET, INC. ("Defendant") as follows:

## INTRODUCTION

1. Over thirty-five years ago, President Bush signed into law the Americans with Disabilities Act ("ADA"), which remains the most significant civil rights protection for individuals with disabilities in our nation's history. One of the central purposes of the ADA is to ensure the full integration of people with disabilities into the economic and social fabric of the country. 42 U.S.C. § 12101(a).

2. Despite this clear mandate, on September 16, 2025, Plaintiff was denied full and equal access to the goods and services of the Defendant at a business known as AB Liquor Market, located at or around 7508 Katella Ave, Stanton, CA 90680 ("AB Liquor Market"). Defendant, as the owner, operator, lessor, and lessee of AB Liquor Market, failed to comply with the ADA by creating and/or not removing architectural and/or policy barriers that prevented Plaintiff, a wheelchair user, from fully accessing and enjoying the facility in the same way as able-bodied individuals. Through these acts and/or omissions, Defendant has also violated California civil rights statutes, including the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 et seq., and the California Disabled Persons Act ("DPA"), Cal. Civ. Code § 54 et seq.

3. As a result of Defendant's discriminatory acts and omissions, Plaintiff has suffered and will continue to suffer, damages, and has been, and will continue to be, prevented and/or deterred from accessing and using Defendant's goods, services, and facilities to the same extent as, and in a manner equal to, his able-bodied peers. Through this lawsuit, Plaintiff seeks an injunction requiring Defendant to provide "full and equal" access to their public facilities for disabled persons as required by law and compensation for his injuries.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12201 *et seq.* In addition, this Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a). Supplemental jurisdiction is proper here because the federal and state claims are based on a common set of facts and stem from the same events. Specifically, Plaintiff's claims arise from the same incident in which he was denied full and equal access to Defendant's facilities, goods, and services, in violation of both federal and state law. Because the state and federal claims are so closely connected, they form part of the same case or controversy and would ordinarily be resolved together in a single proceeding.

## VENUE

5. Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

## PARTIES

6. At all relevant times, Plaintiff lived with a physical disability stemming from a 2016 motorcycle accident. That accident caused a loss of sensation in his left leg along with drop foot, and he later suffered a fractured left femur that further aggravated his condition. Because of these impairments, Plaintiff has significant difficulty walking and must use a wheelchair for mobility in public. Plaintiff is the holder of a permanent disabled parking placard issued by the State of California. At all times relevant to this action, Plaintiff has resided, and continues to reside, in Anaheim, California, approximately two miles from the subject property.

7. Defendant is and at all relevant times was the owner, operator, lessor, and/or lessee of the subject business, property, and buildings relevant to this Complaint.

8. Defendant failed to ensure that the accommodations, goods, services, and

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

3

opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendant's failure to comply with federal and state access laws proximately caused the violations and ongoing violations and damages to Plaintiff complained of here.

## FACTUAL ALLEGATIONS

9. Defendant discriminated against Plaintiff by failing to ensure that AB Liquor Market's amenities and policies comply with the requirements of the ADA. Defendant has not provided individuals with disabilities, including Plaintiff, with full, equal, and independent access to the same goods, services, benefits, and accommodations offered to nondisabled patrons.

10. The AB Liquor Market and its facilities are "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7).

11. On information and belief, the AB Liquor Market and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). In addition, any facilities built or modified since 1982 are required to comply with "Title 24," the regulations issued by the California State Architect. Regardless of AB Liquor Market's history of construction or modifications, the removal of accessibility barriers at the property is required under the "readily achievable" barrier removal provisions of Title III of the ADA.

12. On September 16, 2025, Plaintiff stopped at AB Liquor Market to purchase snacks and drinks. Upon entering, he proceeded to the drink aisle. Although the aisle was initially wide enough to navigate directly, it became difficult once he attempted to open the cooler door. With the assistance of his brother, he was able to manage this task.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

4

13. Plaintiff then attempted to reach the candy section but struggled because the aisles were extremely narrow. At a tight intersection, he knocked over a box of baking soda while trying to turn. Additionally, cases of iced tea placed on the ground blocked access to an entire aisle. Once Plaintiff finally maneuvered into the candy aisle, his wheelchair barely fit straight through. By the end of the aisle, his arms brushed against bags of chips hanging from a rack at the entrance, knocking at least one to the ground:



COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

14. Accessing the checkout area proved equally difficult, as additional chip racks further narrowed the aisles. Plaintiff was forced to squeeze through, causing items to be displaced. The experience was not only physically challenging but also humiliating.

15. Plaintiff is deterred from returning to the subject premises as long as it remains inaccessible to him. Plaintiff will return once access is provided.

16. These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's access consultant.

17. Plaintiff alleges that it would be a futile gesture to attempt future visits to the property while the barriers remain in place. Nonetheless, Plaintiff anticipates that he will continue to visit the area regularly after the filing of this Complaint. Plaintiff reserves the right to supplement this Complaint at trial to reflect any additional incidents of deterrence or denial of access.

18. Defendant knew, or reasonably should have known, that conditions at its establishment, as well as its policies and practices, made AB Liquor Market inaccessible to individuals with mobility impairments. This lack of access violates both federal and state disability rights laws. On information and belief, Defendant has the financial ability to correct these violations and remove the barriers but has chosen not to take the necessary steps.

19. As a direct result of Defendant's actions and omissions, Plaintiff has experienced a violation of civil rights, difficulties, humiliation, and denial of full and equal access to the subject premises. Plaintiff is entitled to general, special, and statutory damages, and seeks recovery of attorney's fees, litigation costs, and expenses under applicable federal and state law.

20. Plaintiff's objective in bringing this lawsuit is to compel Defendant to make AB Liquor Market fully accessible, thereby ensuring compliance with disability

access requirements and equal use by persons with mobility disabilities.

21.    Plaintiff brings this action with the goal of requiring Defendant to bring AB Liquor Market into compliance with accessibility laws, ensuring that he and others with mobility-related disabilities have full and equal access to the facility.

## FIRST CLAIM:
## VIOLATION OF THE ADA, TITLE III
## [42 U.S.C. § 12101 et seq.]

22.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

23.    Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

24.    Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

25.    The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

26.    The acts and omissions of Defendant set forth in this complaint were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it.

27.    Plaintiff alleges on information and belief that AB Liquor Market was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendant violated the ADA by designing or constructing (or both) AB Liquor Market in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

28. The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§ 12181 and 12182 of the ADA.

29. As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

30. Plaintiff alleges on information and belief that AB Liquor Market was modified after January 26, 1993. Any alterations, structural repairs, or additions since January 26, 1993, have independently triggered requirements for the removal of barriers to access for disabled persons per § 12183 of the ADA.

31. Defendant has discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of AB Liquor Market to individuals with disabilities; (c) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (d) where Defendant can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of AB Liquor Market available through alternative methods if such methods are readily achievable.

32. On information and belief, as of the date of Plaintiff's visit to AB Liquor Market and as of the filing of this complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods, services,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

8

facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to move through sufficiently wide interior aisles and to utilize adequate turnaround space is a basic and essential requirement for individuals with mobility impairments. Without these features, Plaintiff is denied the opportunity to fully access and benefit from the goods and services offered at the premises on an equal basis with others. Removing these barriers is not only a fundamental obligation of operating a place of public accommodation, but the minimal costs involved are substantially outweighed by the significant benefits of providing equal access. Widening aisles or creating adequate turnaround space generally requires only rearranging displays, fixtures, or furniture rather than undertaking major structural work. Such adjustments are relatively inexpensive and straightforward. The Department of Justice has specifically recognized these types of modifications as "readily achievable." Thus, while the financial burden on Defendant is minor, the benefit to individuals with disabilities is substantial and far greater than the costs of compliance. Accordingly, removal of the barriers at Defendant's facility is readily achievable.

33. Under the ADA, 42 U.S.C. 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

34. Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 et seq.]

35. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

36. AB Liquor Market is a business establishment within the meaning of the Unruh Act.

37. Defendant is the owner and/or operator of a business establishment.

38. Defendant violated the Unruh Act by its acts and omissions:
    a. Failure to construct or alter AB Liquor Market in compliance with state building code and state architectural requirements,
    b. Failure to remove known barriers to access at AB Liquor Market,
    c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of AB Liquor Market; and
    d. Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

39. Plaintiff has experienced barriers to access at AB Liquor Market, all of which have caused him difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

40. On information and belief, AB Liquor Market is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

41. These barriers to access render AB Liquor Market and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this

Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

42. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

43. On information and belief, the access features of AB Liquor Market have not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendant does not modify its policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:
### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
### [Cal. Civil Code §§ 54 *et seq.*]

44. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

45. The subject premises are a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code § 54 *et seq*.

46. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

47. The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

11

California Civil Code § 54.1(a)(1).

48. The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, California Civil Code § 54.1(d). Defendant has violated the DPA by, among other things, denying and/or interfering with Plaintiff rights to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

- Failure to construct or alter the Facilities in compliance with state building code and state architectural requirements;
- Failure to remove known barriers to access at the subject premises;
- Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the subject premises;
- Failure to maintain accessible features in violation of CBC 11B-108; and
- Violation of the ADA, including the 1991 and/or the 2010 Standards, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER

WHEREFORE, Plaintiff prays that this court award damages and provide relief as follows:

1. Issue a preliminary and permanent injunction directing Defendant, as the current owner, operator, lessor, and/or lessee of the property and premises, to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including but not limited to persons with physical disabilities who use wheelchairs, and issue a preliminary and permanent injunction

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

12

directing Defendant to provide and maintain facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy (Note: Plaintiff is not invoking Civ. Code § 55);

    2. Retain jurisdiction over Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

    3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

    5. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

    6. Award to Plaintiff prejudgment interest pursuant to California Civil Code §3291;

    7. Grant such other and further relief as this Court may deem just and proper.

Dated: October 1, 2025          */s/ Irakli Karbelashvili*
                                         Irakli Karbelashvili, Attorney for Plaintiff
                                         RICHARD HENDERSON-THOMAS

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: October 1, 2025

/s/ *Irakli Karbelashvili*
Irakli Karbelashvili, Attorney for Plaintiff
RICHARD HENDERSON-THOMAS